# EXHIBIT 2

## DECLARATION

I, Suzanne Begnoche, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. §1746, that the following statements are true:

1. I have personal knowledge of the facts described herein.

2. I represent Dedrah Earles and Warren K. Earles pursuant to the Order of this Court, dated May 20, 2013, with respect to claims of harassing phone calls from a collection agency, NCO Financial Systems, Inc., regarding an alleged consumer credit card debt to Capital One Bank (USA), N.A..

3. On Mr. and Mrs. Earles' behalf, I filed the lawsuit captioned *Warren K. Earles and Dedrah Earles vs. NCO Financial Systems, Inc. and Capital One Bank (USA), N.A.*, Case. No. 13-CVS-510, in the General Court of Justice, Superior Court, Chatham County, North Carolina.

4. In the lawsuit, Mr. and Mrs. Earles alleged that the Defendants violated the North Carolina Prohibited Practices by Collection Agencies statute ("PPCA"), N.C.G.S. § 58-70-90, *et seq.*, the Unfair and Deceptive Trade Practices statute, N.C.G.S. § 75-1.1, *et seq.*, and that the Defendants committed the tort of intrusion into seclusion.

5. Discovery during the lawsuit, including telephone recordings, led me to determine that some of the allegations upon which the lawsuit complaint was based were invalid, and that the claim for damages under the tort of intrusion into seclusion could not be sustained.

6. I therefore filed an amended complaint to reflect the new information revealed in discovery.

7. Based on what was revealed in discovery, I also substantially downgraded my original pre-suit assessment of Mr. and Mrs. Earles' potential damage recovery.

8. The parties have now resolved the lawsuit on the terms and conditions outlined in a settlement agreement dated January 29, 2014, a copy of which is attached hereto as Exhibit 1.

9. The terms of the settlement call for payment to Mr. and Mrs. Earles of the sum of thirteen thousand six hundred and twenty-five dollars and ninety-six cents ($13,625.96). The settlement provides that each party is responsible for its own fees and costs.

10. The terms of the settlement also call for defendants to cease collection on the alleged debt.

11. I request compensation at **$350.00/hour** for my work in the Earles' case. Because of the reduction in value to the case following the necessity of amending the complaint, I am requesting compensation only for time incurred from December 9, 2013 (the date of the hearing at which the Superior Court judge authorized amendment of the complaint) to the present. During that time, I have expended 15 hours on this matter, for total fees of five thousand, two hundred and fifty dollars (**$5,250.00**).

12. I also request reimbursement for the full case costs of two-hundred seventy-five dollars and ninety-six cents (**$275.96**), include filing fees, service fees, postage costs, faxing costs, copying costs, legal research costs, and the costs of materials such as CD-ROMs used in the litigation.

13. Attached hereto are Exhibits 2 and 3, which itemize the fees and costs requested.

14. In support of my hourly rate, I submit the following information about my background and qualifications.

15. I am a graduate with Honors of the University of North Carolina School of Law.

16. I am in good standing with the North Carolina state bar and am not subject any disciplinary proceedings. I am also admitted to practice before the United States District Courts

2

for the Middle and Eastern Districts of North Carolina, the Fourth Circuit Court of Appeals, and the tribal courts of the Eastern Band of Cherokee Indians.

17. I am a former Section Chair of the North Carolina Advocates for Justice ("NCAJ") Consumer Areas of Practice Section, as well as a member of the North Carolina Bar Association's Bankruptcy Section and of the National Association of Consumer Advocates.

18. I am in private practice in Chapel Hill, North Carolina, as a sole proprietor. A significant portion of my practice is the representation of plaintiffs in consumer protection matters, focusing on cases that arise under the Fair Debt Collections Practices Act ("FDCPA"), the Fair Credit Reporting Act, the Telephone Consumer Protection Act, and North Carolina's fair debt collection and predatory lending laws. I also defend consumers in debt collection lawsuits. I am one of the few attorneys in North Carolina whose law practice is limited to consumer protection issues involving debt and credit reporting.

19. Prior to going into private practice, I was a staff attorney for Legal Aid of North Carolina pursuant to an Everett Community Lawyer Fellowship. At Legal Aid, I handled cases involving consumer debt defense, foreclosure defense, and claims of debt collection harassment, unfair and deceptive trade practices, auto fraud, and wrongful repossession.

20. I have represented consumers in the following cases in the Middle District of North Carolina that involved claims under the FDCPA and/or North Carolina's fair debt collection laws: <u>Johnson vs. Bullhead Investments, Inc. and Brock & Scott, PLLC</u> (1:09-cv-639-UA-WWD); <u>McMillan vs. LVNV Funding, LLC, et. al.</u> (1:09-cv-840-UA-PTS); <u>Spencer vs. HSBC Card Services, Inc., et al.</u> (1:09-cv-759-UA-WWD); <u>De Los Santos vs. Nieves et al.</u> (1:09-cv-00426-UA-LPA); <u>Russell vs. Absolute Collection Service, Inc.</u> (1:09-cv-515-WO-WWD); <u>Woods vs. LVNV Funding, LLC</u> (1:10-cv-46-UA-LPA); <u>Spencer vs. CashCall, Inc.</u>

3

(1:10-cv-221-UA-WWD); Bradshaw vs. Ocwen Loan Servicing, LLC (1:10-cv-258-WWD-WWD); Currie vs. Creditors Financial Group, LLC (1:10-cv-262-TDS-PTS); Fitzgerald v. National Enterprise Systems, Inc. (1:10-cv-00376-UA-PTS); Long vs. Mohr Collection Service, Inc. (1:11-cv-175-NCT-PTS); Franklin vs. Citibank (South Dakota), N.A. et al. (1:11-cv-235-UA-WWD); Hall vs. BAC GP, LLC, et al. (1:11-cv-479-UA-WWD); Eltayeb vs. McKesson Corporation, et al. (#1:12-cv-195); Burrows vs. Bradford Collection Servs., Inc, and Experian Info. Solutions, Inc. (MDNC, G'boro Div. # 1:12-cv-1193); Villa vs. Ally Financial, Inc., et al. (MDNC, Durham Div. # 1:13-cv-953); and Izzard vs. Credit Financial Systems, Inc., et al. (MDNC, Durham Div. # 1:13-cv-998).

21.  I have represented consumers in the following cases in the Eastern District of North Carolina that involved claims under the FDCPA and/or North Carolina's fair debt collection laws: Alfaro vs. National Enterprise Systems, Inc. et al. (5:09-cv-282-D); Godfrey vs. Portfolio Recovery Associates, LLC (5:09-cv-507-D); Creech vs. Portfolio Recovery Associates, LLC (5:10-cv-19-D); Kolman vs. Collecto, Inc. d/b/a Collection Company Of America, etc. (5:10-cv-68-BR); Racick v. Dominion Law Associates, et al. (5:10-cv-00066-F); Hug vs. Absolute Collection Service, Inc. (5:11-cv-127-D); Jacobus vs. Sallie Mae, Inc., et al. (# 5:12-cv-305); Meder vs. H & M Hennes & Mauritz, LP & Wells Fargo Bank, N.A. (# 5:12-cv-582); Hilliard vs. Portfolio Recovery Associates, LLC, et al. (EDNC, West. Div. # 5:13-cv-3307); and Ahmed vs. Department Stores National Bank, et al. (EDNC, West. Div. # 5:13-cv-544).

22.  I have represented consumers in the following cases in North Carolina state courts that involved claims under the FDCPA and/or North Carolina's fair debt collection laws: Whitehead vs. Midland Funding, LLC, et al. (Alamance Co. # 09-CVD-977); Fuller vs. Global AG, LLC d/b/a RFA (Alamance Co. # 10-CVD-3093); Oliveri vs. Stillwell & Stone, LLC, et al.

4

(Chatham Co. # 10-CVS-282); Collins vs. Commercial Recovery Systems, Inc., et al. (Chatham Co., N.C. #12-CVS-659); Josey vs. Commercial Recovery Systems, Inc., et al. (Chatham Co., NC # 12-CVS-1003) Evans vs. R32 Auto Sales, et. al. (Durham Co. # 07-CVS-6015); Steed vs. William Neil Ward d/b/a Boulevard Auto Sales, et. al. (Durham Co. # 08-CVD-3662); Gary vs. Graham's Towing, Inc., et. al. (Durham Co. # 08-CVS-3554); Meier vs. Credigy Receivables, Inc., et al. (Durham Co., N.C. # 12-CVD-2301); Hug vs. Duke Univ. Health Sys., Inc., et al. (Durham Co, NC # 13-CVS-3207); Braswell vs. Green Tree Servicing, LLC (Granville Co. # 08-CVD-822 ); Goga vs. Creditors Interchange Receivable Management, LLC (Guilford Co. # 10-CVD-7180); Greene vs. Professional Financial Services Corp., et al. (Guilford Co. # 10-CVD-8636); Ridenhour vs. Americredit Financial Services, Inc. (Guilford Co. # 10-CVD-9614); Hopkins vs. Wolfpack Auto Sales, LLC, et al. (Guilford Co., NC # 12-CVS-10292); Lambert vs. Dominion Law Associates (Orange Co. # 10-CVD-744); Sandford vs. American Billing Service Int'l of Jacksonville, Inc., et al. (Orange Co. # 10-CVD-853); Ring vs. Wells Fargo Auto Finance, LLC (Orange Co. # 10-CVS-935); Ray vs. Cavalry SPV I, LLC, et al. (Orange Co. # 11-CVD-1408); Staton vs. Account Receivable Management of Florida, Inc. (Orange Co. # 11-CVD-2105); Averette vs. HZB Financial Services, Inc., et al. (Orange Co., N.C. # 11-CVD-2395); Stinson vs. HZB Financial Services, Inc. (Wake Co. # 10-CVD-15623); Staton vs. Vandenberg Chase & Associates, LLC (Wake Co., N.C. # 11-CVD-19264); Samaj vs. CashCall, Inc., et al. (Wake Co., N.C. # 12-CVD-2398). I have also asserted counterclaims under the FDCPA and/or North Carolina's fair debt collection laws as defense counsel in numerous debt collection lawsuits in state courts.

23. I regularly attend the conferences of the National Association of Consumer Advocates, the National Consumer Law Center, and the North Carolina Advocates for Justice,

and have trained with the National Institute for Trial Advocacy.

24. The National Association of Consumer Advocates has engaged me to present the following consumer law CLE's to fellow attorneys nationwide: "Representing Consumer Defendants in State Court" (panel member) (March 2013) and "Debt Collection Defense: Trial Preparation" (February 2014).

25. NCAJ has engaged me to present the following consumer law CLE's to fellow attorneys statewide: "Defending Consumers in Debt Collection Cases" (December 2009), "Credit Reporting: Consumer Rights and Remedies" (October 2010 and October 2012), "Money Madness: Divorce and Financial Issues" (February 2011); "FDCPA/State Debt Collection Fundamentals" (November 2012); and "Walking the Minefield: Blowup Prevention & Damage Control for Non-Consumer Lawyers" (February 2013).

26. In April 2011, representing a consumer Plaintiff, I conducted with co-counsel what was, to my knowledge, North Carolina's first FDCPA jury trial in federal court in the matter of <u>Russell vs. Absolute Collection Service, Inc.</u> (1:09-cv-515-WO-WWD). In <u>Russell</u>, the jury found for Plaintiff and awarded her damages of $37,501.00.

27. Legal Aid of North Carolina has engaged me to present the following consumer law CLE's to fellow attorneys statewide: "Defending Debt Collection Lawsuits and Fighting Back with Counterclaims" (November 2012) and "Basics of Consumer Law: Collections and Exemptions" (March 2013). I regularly make presentations about consumers' rights to lay audiences through local civic organizations.

28. The Durham County Bar Association has engaged me to present the following consumer law CLE's to fellow attorneys in my local judicial district: "Credit Reporting Rights and Remedies" (January 2013) and "Responding to Identity Theft: Civil Rights and Remedies"

(February 2014).

29.     The Orange County Bar Association has also engaged me to present the "Credit Reporting Rights and Remedies" CLE later this spring to its local bar membership.

30.     An article I authored, "Civil Remedies for Victims of Identity Theft," was published in NCAJ's Trial Briefs magazine (June 2013).

31.     North Carolina Lawyer's Weekly has interviewed me regarding my consumer protection practice and consumer protection matters on multiple occasions. I have also been interviewed regarding consumer law matters by the News & Observer, the Virginian-Pilot, the NCAJ Trial Briefs magazine, The Carolina Verdict Reporter, and the American Independent. I have also contributed, at the request of the National Consumer Law Center, sample documents for its publication Consumer Law Pleadings, Number 17 (2011).

32.     I am actively involved in civic and charitable activities that involve my consumer law expertise, including Legal Aid of North Carolina's pro bono program, the North Carolina Bar Association (NCBA) 4ALL Campaign, and the Compass Center Lawyer Information Service, a Chapel Hill-based program which serves callers from across the state.

33.     I declare under the penalty of perjury that the foregoing is true and correct. Executed this the 2nd of February, 2014.

Respectfully submitted,

By:  **/s/ Suzanne Begnoche**
SUZANNE BEGNOCHE
Suzanne Begnoche, Attorney at Law
NCSB # 35158
312 West Franklin Street
Chapel Hill, NC  27516
begnochelaw@mindspring.com
Telephone: (919) 960-6108
Facsimile: (919) 500-5289

7

**Client: Warren and Dedrah Earles**     **Hours Billed**
**Earles vs. NCO Financial Systems, Inc.**

| Date | Description | Hours | Amount |
|---|---|---|---|
| 12/9/13 | Attend/argue hearing on motion to amend complaint | 1.2 | $420.00 |
| | Draft discovery responses | 1.8 | $630.00 |
| | Review & respond to emails from OC M. Slodov re: amended discovery schedule | 0.1 | $35.00 |
| | Meeting with clients to review/verify discovery responses | 1.3 | $455.00 |
| 12/10/13 | Review & respond to emails from OC M. Slodov re: requesting delay in trial date/pre-trial scheduling | 0.1 | $35.00 |
| 12/12/13 | Review & respond to emails from client re: supplementary document production | 0.1 | $35.00 |
| | Review & respond to emails from OC M. Slodov re: requesting delay in trial date/pre-trial scheduling | 0.2 | $70.00 |
| | Draft email to T. Keshler (JSS-Chatham Co.) re: Order on amendment of complaint, scheduling order | 0.1 | $35.00 |
| 12/13/13 | Review & respond to email from T. Keshler(JSS-Chatham Co.) re: Order on amendment of complaint, scheduling order | 0.1 | $35.00 |
| 12/17/13 | Draft ltr to OC M. Slodov/A. Rich re: amended complaint | 0.2 | $70.00 |
| | Draft ltr to Clerk of Court re: amended complaint | 0.1 | $35.00 |
| | Review & respond to emails from OC M. Slodov re: amended complaint/service | 0.1 | $35.00 |
| 1/4/14 | Review & respond to emails from client re: supplementary document production | 0.1 | $35.00 |
| 1/6/14 | Review & respond to emails from OC M. Slodov re: scheduling plaintiff depos | 0.2 | $70.00 |
| | Draft emails to and respond to email from D. Earles re: scheduling plaintiff depos | 0.1 | $35.00 |
| 1/8/14 | Review additional doc production from client & redact privileged content | 0.8 | $280.00 |
| | Review & respond to email from OC A. Rich re: plaintiff depo scheduling | 0.1 | $35.00 |
| | Draft ltr to OC M. Slodov/A. Rich re: supplementary document production | 0.3 | $105.00 |
| 1/14/14 | Review & respond to email from D. Earles re: medical record contacts | 0.1 | $35.00 |
| 1/15/14 | Review & respond to fax from D. Earles re: medical record release authorizations | 0.1 | $35.00 |
| 1/16/14 | Draft medical record requests (6) | 0.3 | $105.00 |
| 1/22/14 | Review K. Earles' medical records to plan depo prep | 0.2 | $70.00 |
| 1/22/14 | Meeting w/ clients re: depo prep | 1 | $350.00 |
| | Review & respond to emails from OC M. Slodov re: scheduling plaintiff depos | 0.1 | $35.00 |
| 1/23/14 | Deposition: Dedrah Earles | 4.5 | $1,575.00 |
| | Email to client re: settlement negotiation | 0.1 | $35.00 |
| | Review & respond to email from client re: settlement negotiation | 0.1 | $35.00 |
| | Email to OC M. Slodov re: settlement negotiation | 0.1 | $35.00 |
| 1/24/14 | Meeting w/ OC M. Slodov re: settlement negotiation | 0.2 | $70.00 |
| | Email to D. Earles re: settlement negotiation | 0.1 | $35.00 |

Client:  Warren and Dedrah Earles  **Hours Billed**

**Earles vs. NCO Financial Systems, Inc.**

| Date | Description | Hours | Amount |
|---|---|---|---|
|  | Review & respond to email from D. Earles re: settlement negotiation | 0.1 | $35.00 |
|  | Meeting w/ K. Earles re: settlement negotiation | 0.1 | $35.00 |
|  | Meeting w/ OC M. Slodov re: draft settlement agreement | 0.5 | $175.00 |
| 1/29/14 | Meeting w/ clients re: review & execute settlement & tax documents | 0.4 | $140.00 |
|  | **TOTAL:** | **15** | **$5,250.00** |